JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile:  (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@gmail.com

Attorneys for Plaintiff
LORI BAUER

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI BAUER, individually, and as Personal Representative of the Estate of Andrew Washington,<br><br>      Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his capacity as Chief of Police for the CITY OF VALLEJO; JEROME PATZER, individually and in his capacity as a police officer for the CITY OF VALLEJO; and DOES 1-25, inclusive, individually and in their capacities as police officers for the CITY OF VALLEJO,<br><br>      Defendants.<br>_____/ | Case No. 2:06-CV-00549 MCE DAD<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS. JURY TRIAL DEMANDED** |

JURISDICTION

1.   This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343. The

1. unlawful acts and practices alleged herein occurred in the City of Vallejo, California, which is within this judicial district.

## PARTIES

2. Plaintiff herein, LORI BAUER ("BAUER"), is and at all times herein mentioned was a citizen of the United States residing in Solano County in California, and is the biological mother of decedent, Andrew Washington, and is the personal representative of the Estate of Andrew Washington.

3. Defendant City of Vallejo ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California. The City operates under its authority the Vallejo Police Department.

4. Defendant ROBERT NICHELINI ("NICHELINI") is employed by defendant CITY OF VALLEJO as Chief of Police. He is being sued in his official capacity as Chief of Police for the CITY.

5. Defendant officer JEROME PATZER ("PATZER"), is, and at all times mentioned herein was, employed by defendant CITY as a police officer. He is being sued individually and in his capacity as a police officer for the CITY.

6. At all times mentioned herein, defendant officers DOES 1-25, inclusive, were employed by defendant CITY as police officers. They are being sued individually and in their capacities as police officers for the CITY.

7. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein. Plaintiff will amend his complaint to state the names and capacities of DOES 1 through 25, inclusive, when they have been ascertained.

8. In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City. In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police

FIRST AMENDED COMPLAINT FOR DAMAGES
CASE NO:C06-00549 MCE DAD

2

officers under the United States Constitution and as police officers employed by Defendant CITY.

## STATEMENT OF FACTS

9. On the night of September 16, 2004 Decedent Andrew Washington ("Washington"), a 21 year-old African-American male, was involved in a collision as he drove his roommate's 1994 Ford Bronco near the 3500 block of Hazelwood Street in Vallejo, California. The collision involved property damage only. Decedent Washington parked the Bronco close to the residence of an acquaintance on Hazelwood Street near the scene of the collision. Officers Quesada and Douglas were dispatched to the accident scene.

10. Officers Quesada and Douglas quickly located Decedent Washington, who stood in open view talking to an acquaintance of his, Tony Jones, in the driveway of 3636 Hazelwood Street where Mr. Jones resided. The damaged Ford Bronco was also parked in plain view, and Officers Quesada and Douglas noted paint transfer on the front bumper of the Ford Bronco. Officers Quesada and Douglas questioned Decedent Washington, who admitted to being involved in the noted collision that had just occurred nearby. Decedent Washington, who wore a tank top t-shirt and blue shorts and had no shoes, was unarmed and clearly appeared to be unarmed. The officers ordered Decedent Washington to sit on the ground, decedent complied with the order. Decedent Washington admitted upon questioning by Officers Quesada and Douglas that he had been drinking beer. The officers attempted to handcuff Decedent, and Decedent fled on foot southbound on Hazelwood Street from the officers. Additional officers were summoned and a police perimeter was set up in the immediate surrounding area.

11. One of the additional officers who responded to the call for backup, Defendant Officer PATZER, observed Decedent and cornered him at a tall chain link fence near Hogan High School. Decedent attempted to climb the fence, but Defendant Officer PATZER deployed a Taser stun gun, which discharged a continuous stream of electricity through decedent's body. Plaintiff alleges that the stream of electricity through decedents' body continued uninterrupted as long as Defendant Officer PATZER applied the triggering mechanism on the Taser stun gun. The electrical shock

caused decedent to fall onto the other side of the fence. Decedent fell into a storm culvert, where he lay, unmoving, face down in water.

12. Although decedent lay helpless face down on the ground, and no officer had any reason to believe that decedent posed a substantial threat of harm to anyone, Defendant Officer PATZER continued to discharge the Taser stun gun. Plaintiff alleges that the Taser stun gun maintains a record of the time and duration of each electrical discharge or deployment of the stun gun.

13. According to a police report prepared by Officer M. Mustard, the record maintained by the Taser stun gun showed that Defendant Officer PATZER deployed the Taser upon decedent 17 separate times. The times and duration of the deployments of Defendant Officer PATZER's Taser stun gun, which Plaintiff alleges was issued to Defendant Officer PATZER by Defendant CITY, is as follows:

    2357 hours and 4 seconds for a duration of 38 seconds

    2357 hours and 10 seconds for a duration of 7 seconds

    2357 hours and 18 seconds for a duration of 8 seconds

    2357 hours and 25 seconds for a duration of 7 seconds

    2357 hours and 32 seconds for a duration of 7 seconds

    2357 hours and 39 seconds for a duration of 6 seconds

    2357 hours and 46 seconds for a duration of 7 seconds

    2357 hours and 54 seconds for a duration of 8 seconds

    2358 hours and 3 seconds for a duration of 10 seconds

    2358 hours and 10 seconds for a duration of 7 seconds

    2358 hours and 17 seconds for a duration of 7 seconds

    2358 hours and 28 seconds for a duration of 11 seconds

    2358 hours and 49 seconds for a duration of 21 seconds

    2358 hours and 59 seconds for a duration of 9 seconds

    2359 hours and 7 seconds for a duration of 8 seconds

    2359 hours and 14 seconds for a duration of 7 seconds

2359 hours and 20 seconds for a duration of 6 seconds

The record of deployments indicates that Defendant Officer PATZER deployed his Taser against the unarmed decedent a total of 17 times, for a duration of 174 seconds (2 minutes and 54 seconds).

14.     Officer Douglas and Officer Herndon arrived on-scene and handcuffed decedent's limp body. Several other officers arrived and one officer checked decedent's vital signs. The officer noted that decedent did not appear to be breathing. An ambulance and emergency personnel were summoned to the scene, and decedent was pulled from the storm culvert. Decedent had lost vital signs of life. Although rushed to Sutter Solano Hospital by ambulance, decedent was pronounced dead at 0143 hours. In spite of the evidence of the numerous and lengthy applications of the Taser, the Solano County Sheriff's medical examiner determined that decedent died from "Cardiac arrest associated with excitement during police chase and cocaine and alcohol intoxication, occurring shortly after Tasering, (minutes)". Plaintiff alleges that decedent died as result of the excessive use of force against him, including an extreme level of tasering well beyond that reasonably required to incapacitate a human being. Plaintiff further alleges that the excessive duration of Tasering applied to decedent by Defendant Officer PATZER exceeded the scope of the intended use of the Taser stun gun.

15     Plaintiff alleges that the use of the Taser stun gun against decedent by Defendant Officer PATZER was excessive since Defendant PATZER had no basis to believe that decedent was either armed or posed any threat of harm to anyone. Decedent no longer had possession or control of any automobile, and there had been no reports that anything other than a "hit and run" accident may have occurred. Even such speculation of a "hit and run" accident is belied by the fact that decedent had stopped his car within one block of the collision and cooperated with officers who arrived on-scene, up to the point of handcuffing. Based on the foregoing allegations, Plaintiff alleges that Defendant Officer PATZER used his Taser stun gun against decedent for punitive purposes: Decedent was stopped by the initial Tasering, and was for all intents and purposes apprehended upon falling from the fence after being Tasered. Plaintiff therefore alleges that the only reason further tasering of decedent occurred was to punish decedent for fleeing from police officers.

16. Inexplicably, Defendant Officer PATZER later told investigating officers that he had pulled the trigger on his Taser stun-gun approximately four times. The Taser records described herein materially contradict Defendant PATZER's contentions as to the number of separate Taser applications upon decedent. Defendant Officer PATZER also told investigators that he had not been trained regarding any advisable limits on the duration of Taser stun gun applications upon a person. Plaintiffs allege that such a failure by Defendant CITY to train Defendant Officer PATZER in the proper and reasonable usage of the Taser stun gun that Defendant CITY provided to Defendant Officer PATZER exhibits deliberate indifference by Defendant CITY to the civil rights of decedent, and was a substantial factor in the killing of decedent.

17. Defendant Officer PATZER declined to offer blood samples to investigators, although investigators requested such samples from him. Defendant Officer PATZER therefore caused the spoliation of evidence that may have been material in this case.

18. While Defendant Officer PATZER prevented forensic evidence from being taken from him, Decedent was unable to exercise the same rights. Testing of decedent's blood ordered by the Solano County Sheriff's Office found alcohol and less than effective trace amounts of cocaine in decedent's blood. Neither was in a level anywhere close to potentially lethal.

19. Plaintiffs further allege that decedent's fall from the fence reasonably indicated that decedent may have required medical attention at that point, while Defendant Officer PATZER instead continued to Taser decedent, further unreasonably exacerbating any medical emergency decedent may have been suffering.

## DAMAGES

20. As a proximate result of Defendants' conduct, Plaintiff suffered the wrongful death of her son, Andrew Washington, and suffered damages including pain and suffering, loss of familial relationship, comfort, protection, companionship, love, affection, solace, moral and financial support. Plaintiff is also entitled to recover the reasonable cost of medical, funeral, and burial expenses.

21. The conduct of defendant officers was malicious, wanton, and oppressive. Plaintiff is therefore entitled to an award of punitive damages against said defendant police officers of the CITY.

22.     Plaintiff found it necessary to engage the services of private counsel to vindicate his rights under the law. Plaintiff is therefore entitled to an award of all attorneys' fees incurred in relation to this action for violation of her civil rights.

<div style="text-align:center">

FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against defendant officers PATZER and DOES 1-10, inclusive)

</div>

23.     Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24.     In doing the acts complained of herein and killing Plaintiff's son, Andrew Washington, Defendant Officers PATZER and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive plaintiff of certain constitutionally protected rights, including, but not limited to:

   a.   The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b.   The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c.   The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   d.   The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   e.   The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, and DOES 11-25)

25. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 28 of this Complaint.

26. Plaintiff is informed and believes and thereon alleges that high ranking City of Vallejo officials, including high ranking police supervisors DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about the repeated acts of misconduct by Defendant Officers PATZER and DOES 1-10, inclusive, and/or each of them. Plaintiff further alleges that Defendants DOES 11-25 and/or CITY were aware or should have been aware of numerous prior instances of people in police custody dying shortly after the application of a Taser.

27. Despite having such notice, Plaintiff is informed and believes and thereon alleges that Defendants DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers. Plaintiff further alleges that in spite of these defendants' awareness of death following the application of a Taser stun-gun, these defendants failed to provide adequate training regarding limitations on the use the Taser stun-gun and the potential dangers of excessive Tasering of individuals.

28. Plaintiff is further informed and believes and thereon alleges that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendant Officers PATZER and DOES 1-10, inclusive, and/or each of them, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of the Plaintiff's rights as alleged herein. Plaintiffs further allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the failure by Defendants CITY and/or DOES

11-25, inclusive, these defendants encouraged the improper, unreasonable, and excessive use of the Taser stun-gun by Defendant Officers PATZER and DOES 1-10, inclusive, and/or each of them

29. The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Vallejo officials, including high ranking City of Vallejo Police Department supervisors DOES 11-25, and each of them resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

30. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY)

31. Plaintiff hereby realleges and incorporates by reference herein paragraphs 1 through 30 of this Complaint.

32. As against Defendant CITY and/or DOES 11-25 in his/their capacity as official policy-maker(s) for the CITY OF VALLEJO, Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF VALLEJO Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens.

33. Plaintiff is further informed and believes and thereon alleges that the acts and omissions alleged herein are the direct and proximate result of the deliberate indifference of Defendants CITY, DOES 11-25, and each of them, to repeated acts of police misconduct which were tacitly authorized, encouraged or condoned by the Defendant CITY, DOES 11-25, and each of them.

34. The injuries and damages to Plaintiff as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, DOES 11-25, and each of them.

35. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant CITY OF VALLEJO Police Department.

36. Plaintiff is further informed and believes and upon such information and belief alleges that Plaintiff's damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, DOES 11-25, and each of them, exhibiting deliberate indifference in the training,

supervision and/or discipline of defendant officers PATZER and DOES 1-10, inclusive, and/or each of them.

37. The mentioned customs, policies or practices of Defendant CITY, DOES 11-25, and each of them, resulted in the deprivation of Plaintiff's constitutional rights including, but not limited to, the following:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

   e. The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

38. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Assault and Battery)
(Against Defendants PATZER and DOES 1-10)

39. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

40.  Defendants PATZER and DOES 1-10, inclusive, and/or each of them, placed Plaintiff in immediate fear of death and severe bodily harm by attacking and tasering him repeatedly without any just provocation or cause.

41.  These defendants' conduct was neither privileged nor justified under statute or common law.

42.  As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

FIFTH CAUSE OF ACTION
(False Arrest and Imprisonment)
(Against Defendants PATZER and DOES 1-10)

43.  Plaintiff realleges and incorporates by reference herein paragraphs 1 through 46 of this Complaint.

44.  Defendants PATZER and DOES 1-10, inclusive, and/or each of them falsely arrested and imprisoned Plaintiff without probable cause.

45.  Defendants PATZER and DOES 1-10, inclusive, and/or each of them failed to observe proper procedures in falsely arresting and imprisoning Plaintiff without probable cause. These defendants exceeded the limits of their authority as police officers in falsely arresting and imprisoning Plaintiff without probable cause, and in using excessive and unnecessary force against Plaintiff.

46.  As a proximate result of defendants' conduct, Plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SIXTH CAUSE OF ACTION
(Intentional Infliction of Emotional Distress)
(Against Defendants PATZER and DOES 1-10)

47. Plaintiff realleges and incorporate by reference herein paragraphs 1 through 46 of this Complaint.

48. The conduct of Defendants PATZER and DOES 1-10, inclusive, and/or each of them, as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. Defendants committed these extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiff.

49. As a proximate result of Defendants' willful, intentional and malicious conduct, plaintiff suffered severe and extreme mental and emotional distress. Therefore, Plaintiff is entitled to an award of punitive damages as against said defendants. Plaintiff has suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SEVENTH CAUSE OF ACTION
(Negligent Infliction of Emotional Distress)
(Against Defendants PATZER and DOES 1-10)

50. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 49 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

51. The wrongful conduct of Defendants, and DOES 1 through 10, inclusive, as set forth herein, constitutes negligent conduct done with conscious disregard for the rights of Plaintiff.

52. As a proximate result of Defendants' negligent conduct, Plaintiff has suffered severe emotional and mental distress, having a traumatic effect on Plaintiff's emotional tranquility.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

EIGHTH CAUSE OF ACTION
(Violation of Civil Code Section 51.7)
(Against Defendants PATZER and DOES 1-10)

53. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 56 of this complaint.

54. Plaintiff is informed and believes and thereon alleges that the conduct of defendants PATZER and DOES 1-10, inclusive, and/or each of them, inclusive, as described herein, was motivated by racial prejudice against plaintiff's decedent. Plaintiff's decedent is and was readily recognizable as African-American. In engaging in such conduct, defendants violated Plaintiff's decedent's rights under California Civil Code Section 51.7 to be free from violence, or intimidation by threat of violence committed against him because of his race.

55. Under the provisions of California Civil Code Section 52(b), Defendants are liable for each violation of Civil Code Section 51.7 for punitive damages, an additional $25,000.00, and for reasonable attorney's fees.

56. As a proximate result of defendants' wrongful conduct, plaintiff suffered damages as hereinafter set forth.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

NINTH CAUSE OF ACTION
(Violation of Civil Code Section 52.1)
(Plaintiff against Defendants PATZER and DOES 1-10)

57. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 56 of this Complaint.

58. The conduct of Defendants PATZER and DOES 1-10, inclusive, as described herein, acting in the course and scope of their employment for Defendant CITY, violated California Civil Code Section 52.1, in that they interfered with Plaintiff's decedent's exercise and enjoyment of his

civil rights, through use of wrongful and excessive force, and failure to make any proper or reasonable arrest of said decedent.

59. As a direct and proximate result of Defendants' violation of Civil Code Section 52.1, Plaintiff's decedent suffered violation of his constitutional rights, and suffered damages as set forth herein.

60. Since this conduct occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to respondeat superior.

61. Plaintiff is entitled to injunctive relief and an award of her reasonable attorney's fees pursuant to Civil Code Section 52.1(h).

WHEREFORE, Plaintiff prays for relief, as hereinafter set forth.

### TENTH CAUSE OF ACTION
(Negligence)
(Against Defendants PATZER and DOES 1-10)

62. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 65 of this complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

63. At all times herein mentioned, Defendants PATZER and DOES 1-10, inclusive, were subject to a duty of care to avoid causing unnecessary physical harm and distress to persons through their use of force and making of arrests. The wrongful conduct of Defendants, as set forth herein, did not comply with the standard of care to be exercised by reasonable persons, proximately causing plaintiff and plaintiff's decedent to suffer injuries and damages as set forth herein. Pursuant to Government Code Section 815.2(a), Defendant CITY is vicariously liable to Plaintiff for injuries and

damages suffered as alleged herein, incurred as a proximate result of the aforementioned wrongful conduct of Defendants.

64. As a proximate result of Defendants' negligent conduct, Plaintiff suffered severe physical injury, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and suffered damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

ELEVENTH CAUSE OF ACTION
(Negligent Hiring, Retention, Training, Supervision, and Discipline)
(Against Defendants CITY, NICHELINI and DOES 11-25)

65. Plaintiff realleges and incorporates by reference herein paragraphs 1 through 64 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by defendants, and any and all allegations requesting punitive damages.

66. At all times herein mentioned, defendant CITY, by and through its supervisory employees and agents, NICHELINI, and DOES 11-25, inclusive, has and had a mandatory duty of care to properly and adequately hire, train, retain, supervise, and discipline its police officers so as to avoid unreasonable risk of harm to citizens. With deliberate indifference, CITY, NICHELINI, and DOES 11-25, inclusive, failed to take necessary, proper, or adequate measures in order to prevent the violation of plaintiff's rights and injury to said plaintiff. CITY, NICHELINI, and DOES 11-25, inclusive, breached their duty of care to citizens in that CITY, NICHELINI, and DOES 11-25, inclusive, failed to adequately train its police officers, including Defendants PATZER and DOES 1-10, and DOES 1-10, inclusive, in the proper and reasonable use of force, the proper and reasonable making of arrests, treating citizens in a manner that is not racially discriminatory, the proper and reasonable usage of Taser stun-guns, and/or failed to have adequate policies and procedures regarding the proper and reasonable use of force, the proper and reasonable making of arrests,

treating citizens in a manner that is not racially discriminatory and the proper and reasonable usage of Taser stun guns. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing use of excessive and unreasonable force by police officers employed by CITY, the continuing failure to make proper and reasonable arrests by police officers employed by CITY, continuing racially discriminatory behavior towards citizens by police officers employed by the CITY, and the continuing improper and unreasonable usage of Taser stun guns.

67. As a proximate result of defendants CITY, NICHELINI, and DOES 11-25, inclusive's negligent conduct, plaintiff suffered the death of her son, Andrew Washington, severe emotional and mental distress, injury having a traumatic effect on Plaintiff's emotional tranquility, and damages.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## JURY DEMAND

68. Plaintiff hereby demands a jury trial in this action.

## PRAYER

WHEREFORE, Plaintiff prays for relief, as follows:

1. For general damages in a sum of $10,000,000.00;
2. For special damages in a sum according to proof;
3. For punitive damages in a sum according to proof;
4. For injunctive relief enjoining Defendant CITY OF VALLEJO from authorizing, allowing, or ratifying the practice by any police officer employee of Defendant CITY from using excessive and unreasonable force against persons, pursuant to California Civil Code Section 52.1;
5. For violation of California Civil Code Sections 52 and 52.1, statutory damages, and reasonable attorney's fees;

Case 2:06-cv-00549-JAM-DAD   Document 6   Filed 05/31/06   Page 18 of 18

6. For violation of California Civil Code Section 51.7 pursuant to California Civil Code Section 52(b), punitive damages against Defendant police officers, $25,000.00 for each offense and reasonable attorney's fees;

7. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

8. For cost of suit herein incurred; and

9. For such other and further relief as the Court deems just and proper.

Dated: May 31, 2006

The Law Offices of John L. Burris

*/s/ John L. Burris*

John L. Burris, Esq.
Ben Nisenbaum, Esq.
Attorneys for Plaintiff
LORI BAUER

FIRST AMENDED COMPLAINT FOR DAMAGES
CASE NO:C06-00549 MCE DAD

18