JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendant
CITY OF VALLEJO, ROBERT NICHELINI, and JEREMY PATZER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI BAUER, individually, and as Personal Representative of the Estate of Andrew Washington,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his capacity as Chief of Police for the CITY OF VALLEJO; JEROME PATZER, individually and in his capacity as a police officer for the CITY OF VALLEJO; and DOES 1-25, inclusive, individually and in their capacities as police officers for the CITY OF VALLEJO,<br><br>Defendants. | Case No. 06-00549-MCE-DAD<br><br>**ANSWER TO FIRST-AMENDED COMPLAINT** |

Defendants CITY OF VALLEJO (hereafter "CITY"), ROBERT NICHELINI ("NICHELINI") and JEREMY PATZER, sued herein erroneously as Jerome ("PATZER") (collectively "Defendants") hereby answer, object, and otherwise respond to the First Amended Complaint ("FAC") on file herein as follows.

**JURISDICTION**

1.  Defendants admit that the incident which is the subject of this lawsuit occurred in

ANSWER TO FIRST-AMENDED COMPLAINT

1  the City of Vallejo, Solano County, California per the first paragraph of the FAC.  Defendants
2  neither admit nor deny the remaining allegations as they are legal matters not proper for
3  admission or denial.

## PARTIES

4. 2. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 and, on that basis, denies each and every allegation contained therein.

3. Defendants admit that the CITY is a municipal corporation, duly organized and existing under the laws of the State of California and that, per its authority, the CITY operates the City of Vallejo Police Department per the allegations in paragraph 3.

4. Defendants admit that NICHELINI is and was, at all times mentioned in the Complaint, the Chief for the Vallejo Police Department, per the allegations in paragraph 4. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 4 and, on that basis, denies each and every remaining allegation contained therein.

5. Defendants admits that CITY police officer PATZER was and is an employee of the City of Vallejo per the allegations in paragraph 5.  Defendants further admit that at all times alleged in the FAC, PATZER was acting within the course and scope of his employment with the City of Vallejo and acting under color of law.  Defendants deny that any of their employees were involved in the police misconduct as alleged by Plaintiff generally in the FAC, and, on that basis, denies each and every allegation contained therein.

6. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 6 through 8 and, on that basis, denies each and every allegation contained therein.  Defendants specifically deny that they are responsible, liable and/or proximately caused any injuries and/or damages to Plaintiff or Decedent Washington, or were involved in any wrongful conduct whatsoever per the allegations in paragraphs 6 through 8.

///

ANSWER TO FIRST-AMENDED COMPLAINT         2

## STATEMENT OF FACTS

7. Defendants are without knowledge or information sufficient to form a belief as to the truth of all of the allegations in paragraphs 9 through 19 and, on that basis, denies each and every allegation contained therein. Defendants specifically deny participating in any wrongful conduct as alleged in these paragraphs and per other sections of the FAC, as denied herein.

8. Defendants admit that Decedent Washington was involved in a collision in a Ford Bronco on September 16, 2004, per the allegations in paragraph 9. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9, and, on that basis, denies each and every allegation contained therein.

9. Defendants admit that Officers Quesada and Douglas located Decedent Washington, questioned Decedent Washington about the incident, that Decedent Washington admitted to being involved in the collision and to being under the influence of alcohol, and that the officers were about to arrest Decedent Washington at the time Decedent Washington fled the scene on foot on September 16, 2004, per the allegations in paragraph 10. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10, and, on that basis, denies each and every allegation contained therein.

10. Defendants admit that PATZER observed Decedent Washington during the time of his flee, located him near a fence and when Decedent Washington attempted to climb the fence, PATZER deployed his Taser stun gun which came in contact with Decedent Washington, per the allegations in paragraph 11. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 11, and, on that basis, denies each and every allegation contained therein.

11. Defendants admit that the Taser stun gun maintains records of the time and duration of the discharge or deployment of the stun gun, per the allegations in paragraph 12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12, and, on that basis, denies each and every allegation contained therein.

12. Defendants are without knowledge or information sufficient to form a belief as to

the truth of all of the allegations in paragraph 13, and, on that basis, denies each and every allegation contained therein.

13. Defendants admit that the Solano County Sheriff's medical examiner determined that Decedent Washington died from "Cardiac arrest associated with excitement during police chase and cocaine and alcohol intoxication, occurring shortly after Tasering (minutes)," per the allegations in paragraph 14. Toxicology reports confirmed cocaine and marijuana in Washington's system as well as a 0.19% BAC. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 14, and, on that basis, denies each and every allegation contained therein.

14. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15, and, on that basis, denies each and every allegation contained therein.

15. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16, and, on that basis, denies each and every allegation contained therein.

16. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17, and, on that basis, denies each and every allegation contained therein.

17. Defendants admit that blood tests of Decedent Washington confirmed the presence of cocaine and alcohol in Decedent Washington's system, per the allegations in paragraph 18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18, and, on that basis, denies each and every allegation contained therein.

18. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19, and, on that basis, denies each and every allegation contained therein.

## DAMAGES

19. Defendants deny engaging in any wrongful conduct that was the direct and/or

ANSWER TO FIRST-AMENDED COMPLAINT        4

proximate cause of injury or damage to Plaintiff and/or Decedent Washington.  Defendant denies the allegations in paragraphs 20 through 22.

20.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 20 through 22 and, on that basis, denies each and every allegation contained therein.

**FIRST CAUSE OF ACTION**

**(42 U.S.C. § 1983)**

**(Against Defendant officers PATZER, and DOES 1-10, inclusive)**

21.  Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 22, inclusive.

22.  These answering Defendants deny the allegations in paragraphs 23 and 24.

**SECOND CAUSE OF ACTION**

**(42 U.S.C. § 1983)**

**(Against Defendants CITY, and DOES 11-25)**

23.  Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 24, inclusive.

24.  These answering Defendants deny the allegations in paragraphs 25 and 30.

**THIRD CAUSE OF ACTION**

**(42 U.S.C. § 1983)**

**(Against Defendant CITY)**

25.  Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 30, inclusive.

26.  These answering Defendants deny the allegations in paragraphs 31 and 38.

**FOURTH CAUSE OF ACTION**

**(ASSAULT AND BATTERY)**

**(Against Defendants PATZER and DOES 1-10)**

27.  Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 38, inclusive.

28. These answering Defendants deny the allegations in paragraphs 39 and 42.

## FIFTH CAUSE OF ACTION

### (FALSE ARREST AND IMPRISONMENT)

**(Against Defendants PATZER and DOES 1-10)**

29. Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 42, inclusive.

30. These answering Defendants deny the allegations in paragraphs 43 and 46.

## SIXTH CAUSE OF ACTION

### (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

**(Against Defendants PATZER and DOES 1-10)**

31. Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 46, inclusive.

32. These answering Defendants deny the allegations in paragraphs 47 and 49.

## SEVENTH CAUSE OF ACTION

### (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

**(Against Defendants PATZER and DOES 1-10)**

33. Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 49, inclusive.

34. These answering Defendants deny the allegations in paragraphs 50 and 52.

## EIGHTH CAUSE OF ACTION

### (VIOLATION OF CIVIL CODE SECTION 51.7)

**(Against Defendants PATZER and DOES 1-10)**

35. Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 52, inclusive.

36. These answering Defendants deny the allegations in paragraphs 53 and 56.

## NINTH CAUSE OF ACTION

### (VIOLATION OF CIVIL CODE SECTION 52.1)

**(Plaintiff against Defendants PATZER and DOES 1-10)**

ANSWER TO FIRST-AMENDED COMPLAINT        6

1  37.  Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 56, inclusive.

3  38.  These answering Defendants deny the allegations in paragraphs 57 and 61.

## TENTH CAUSE OF ACTION

### (NEGLIGENCE)

### (Against Defendants PATZER and DOES 1-10)

39.  Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 61, inclusive.

40.  These answering Defendants deny the allegations in paragraphs 62 and 64.

## ELEVENTH CAUSE OF ACTION

### (NEGLIGENT HIRING, RETENTION, TRAINING, SUPERVISION, and DISCIPLINE)

### (Against Defendants CITY, NICHELINI and DOES 11-25)

41.  Defendants incorporate by reference its responses to the allegations contained in Paragraphs 1 through 64, inclusive.

42.  These answering Defendants deny the allegations in paragraphs 65 and 67.

## JURY DEMAND

Defendants also demand a jury trial in this action.

## AFFIRMATIVE DEFENSES

1.  AS AND FOR A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that said FAC fails to state facts sufficient to constitute any cause of action against these answering Defendants.

2.  AS AND FOR A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state facts sufficient to support a prayer for punitive damages against these answering Defendants in Plaintiff's FAC herein.

3.  AS AND FOR A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times and places mentioned in the FAC herein, the Plaintiff and/or Decedent failed to mitigate the amount of his/her damages. The damages claimed by Plaintiff could have been mitigated by the due diligence of Plaintiff and/or Decedent or by one

ANSWER TO FIRST-AMENDED COMPLAINT      7

acting under similar circumstances. The Plaintiff's and/or Decedent's failure to mitigate is a bar to Plaintiff's recovery under the FAC.

4.   AS AND FOR A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's and/or Decedent's own negligence in and about the matters alleged in Plaintiff's FAC herein was the sole proximate cause of the happening of the incident, and of the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff and/or Decedent bars recovery to Plaintiff or, in the alternative, that said Plaintiff's and/or Decedent's negligence in and about the matters alleged in the FAC herein proximately contributed to the happening of the incident and to the injuries, loss and damages complained of, if any there were, and said negligence on the part of Plaintiff and/or Decedent requires that any damages awarded to Plaintiff shall be diminished as required by the law of the State of California in proportion to the amount of fault attached to Plaintiff and/or Decedent.

5.   AS AND FOR A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff has failed to state a cause of action in that each of the causes of action as alleged herein is barred by provisions of Sections 312 through 362 of the California Code of Civil Procedure.

6.   AS AND FOR A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff and/or Decedent had full knowledge of all the risks, dangers, and hazards, if any there were, and nevertheless voluntarily and with full appreciation of the amount of danger involved in their actions and the magnitude of the risk involved, assumed the risk of injuries and damages to himself/herself.

7.   AS AND FOR A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the Plaintiff and/or Decedent, by virtue of their own conduct and omissions, have enhanced and materially contributed to the damages, if any there may be, allegedly sustained by Plaintiff and/or Decedent as a result of the acts or omissions complained of herein.

///

ANSWER TO FIRST-AMENDED COMPLAINT      8

8. AS AND FOR A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that there is no statutory or other basis for the attorney's fees sought by Plaintiff.

9. AS AND FOR A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, the acts complained of, if any there were, were privileged under applicable statutes and case law.

10. AS AND FOR A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE these answering Defendants allege that they are immune from liability herein pursuant to the provisions of California Government Code Sections 810 through 996.6.

11. AS AND FOR A ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE, the City of Vallejo alleges that it is not liable for exemplary or punitive damages pursuant to California Government Code Section 818.

12. AS AND FOR A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that the alleged acts or omissions of the peace officers complained of in the FAC herein were based upon the peace officers' reasonable suspicion to believe that Decedent Washington had committed a crime in the officers' presence and the officers used reasonable force to detain, effect the arrest, prevent the escape or overcome the resistance of said Decedent Washington; and Defendants are therefore immune by virtue of the provisions of Section 836.5(a) and 836.5(b) of the Penal Code.

13. AS AND FOR A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at all times herein mentioned, all actions taken by officers of Defendant were reasonable under the circumstances and taken under a good faith belief that the actions were not unlawful and the Peace Officers are therefore immune under the "good faith immunity" doctrine and per the protections of qualified immunity.

14. AS AND FOR A FOURTEENTH, AND SEPARATE AFFIRMATIVE DEFENSE, these answering Defendants allege that only such reasonable force as was necessary and lawful under the circumstances was used by the Defendant's officers.

ANSWER TO FIRST-AMENDED COMPLAINT       9

15. AS AND FOR A FIFTEENTH, AND SEPARATE AFFIRMATIVE DEFENSE, these answering Defendants allege that to the extent that Plaintiff alleges or asserts matters not contained in a legally sufficient claim filed by him, this action is barred by the claims requirement set forth in California Government Code § 905 et seq.

16. AS AND FOR A SIXTEENTH, AND SEPARATE AFFIRMATIVE DEFENSE, these answering Defendants allege that this action is barred under California Government Code § 945.6 by Plaintiff's failure to file his action within six months after denial of their claim by Defendant.

17. AS AND FOR A SEVENTEENTH, AND SEPARATE AFFIRMATIVE DEFENSE, these answering Defendants allege that the matters complained of by Plaintiff, if committed by Defendants, were consented to by Plaintiff and/or Decedent Washington.

18. AS AND FOR A EIGHTEENTH, AND SEPARATE AFFIRMATIVE DEFENSE, these answering Defendants allege the answering Defendants shall only be responsible for damages in an amount determined pursuant to and in accordance with Proposition 51 (Civil Code §1431.2).

19. AS AND FOR A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that Plaintiff's and/or Decedent Washington's unclean hands preclude any recovery by Plaintiff.

20. AS AND FOR A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE, these answering Defendants allege that at or about the time of the alleged event, the Defendants were presented with and had in their possession sufficient facts to constitute a reasonable suspicion to detain Decedent Washington and/or probable cause to arrest Decedent Washington.

### **PRAYER FOR RELIEF**

WHEREFORE, DEFENDANTS pray for the following relief:

1. That Plaintiffs take nothing by way of their Complaint herein;
2. For costs of suit;
3. For attorney's fees;
4. For such further relief as this Court may deem just and proper.

ANSWER TO FIRST-AMENDED COMPLAINT          10

Dated:  December 21, 2006	MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP


By: /s/
   James V. Fitzgerald, III
   Noah G. Blechman
   Attorneys for Defendant
   CITY OF VALLEJO, ROBERT NICHELINI, and JEREMY PATZER