JAMES V. FITZGERALD, III (State Bar No. 55632)
NOAH G. BLECHMAN (State Bar No. 197167)
MCNAMARA, DODGE, NEY, BEATTY, SLATTERY,
PFALZER, BORGES & BROTHERS LLP
1211 Newell Avenue
Post Office Box 5288
Walnut Creek, CA 94596
Telephone: (925) 939-5330
Facsimile:  (925) 939-0203

Attorneys for Defendants
CITY OF VALLEJO, ROBERT NICHELINI, JEROME PATZER

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LORI BAUER, individually, and as Personal Representative of the Estate of Andrew Washington,<br><br>    Plaintiff,<br><br>vs.<br><br>CITY OF VALLEJO, a municipal corporation; ROBERT NICHELINI, in his capacity as Chief of Police for the CITY OF VALLEJO; JEROME PATZER, individually and in his capacity as a police officer for the CITY OF VALLEJO; and DOES 1-25, inclusive, individually and in their capacities as police officers for the CITY OF VALLEJO,,<br><br>    Defendants. | Case No. 2:06-cv-00549-MCE-DAD<br><br>**STIPULATION AND ORDER CONTINUING TRIAL AND OTHER DATES PENDING RELEVANT MOTION IN RELATED FEDERAL ACTION**<br><br>Pre-Trial Conference: September 7, 2007<br><br>Trial Date:         October 15, 2007 |

IT IS HEREBY STIPULATED AND AGREED by and between the parties to this action, through their respective counsel of record, and approved by the Court in the accompanying Order, as follows:

1.    Currently, this matter is set for a pre-trial conference on September 7, 2007, and has a trial date of October 15, 2007.

///

///

2. A related case, though not formally ordered as a related case per LR 83-123, is that of <u>Andrew Washington v. Taser International, Inc.</u>, Case No. 05-CV-00881 DFL GGH. The <u>Washington</u> case, though filed in 2005 as opposed to this <u>Bauer</u> case filed in 2006, does not currently have a trial date set.

3. Both the <u>Bauer</u> case and the <u>Washington</u> case arise out of the same event or occurrence, namely the attempted arrest and apprehension of Mr. Andrew Washington ("Decedent") by officers from the Vallejo Police Department ("VPD") on September 15, 2004, which subsequently resulted in the death of Mr. Washington. Both cases involve claims for wrongful death in relation to the facts and circumstances surrounding Decedent's arrest.

4. The <u>Bauer</u> case is being brought by the mother of Decedent Washington who contends that the use of the Taser to attempt to apprehend Decedent caused his death. Taser International, the manufacturer of the Taser, is not a party in the <u>Bauer</u> case.

5. The <u>Washington</u> case is being brought by the son of Decedent versus Taser International, claiming strict liability, negligence and other defect claims as a result of the use of the Taser. The City of Vallejo and officers from the VPD are **<u>not currently</u>** parties to this <u>Washington</u> case.

6. Recently, Plaintiff in the <u>Washington</u> case filed a motion for leave to file a First Amended Complaint to name the City of Vallejo and officers from the VPD as parties to the <u>Washington</u> case for claims of alleged civil rights violations arising out of Washington's death.

7. As of the preparation of this stipulation and order, the <u>Washington</u> parties had briefed this motion and Judge Ralph R. Beistline has taken the matter under submission, without argument. Plaintiff's counsel in the <u>Washington</u> case has advised the Court in pleadings that if the amendment is allowed, he will move to consolidate <u>Washington</u> with <u>Bauer</u>.

8. The parties agree that if Plaintiff Washington prevails on his motion for leave to file a First Amended Complaint, naming the City of Vallejo and officers from the VPD as parties to the <u>Washington</u> case, then there will exist many overlapping issues and parties in the two cases, necessitating a consolidation of these two cases for the purposes of discovery and trial.

///

9. Per any consolidation, it is likely that the <u>Washington</u> case, filed prior to <u>Bauer</u>, will be the lead case so all current deadlines in <u>Bauer</u> will be vacated by the Court.

10. Based upon these facts, there is good cause for this Court to grant a brief continuance of the expert discovery deadline, pre-trial conference and trial dates for approximately ninety (90) days pending the outcome of Plaintiff Washington's motion for leave to file a First Amended Complaint, which is currently under submission.

11. The parties in this Bauer case have disclosed experts and Defendants have taken the deposition of one of Plaintiff's experts. One expert, Dr. Spitz, remains to be deposed in this case, though these consolidation issues have complicated the scheduling and taking of this deposition.

12. Consolidation of these two cases is likely to effect a savings of judicial effort and other economies, to both the Court and the parties. Per the requirements of LR 83-123, if leave to amend is granted, then both actions would involve the same or similar parties and are based on the same or similar claims, arising out of the same event, and would involve similar questions of fact and of law. The assignment of these cases to the same Judge or Magistrate Judge is likely to effect a substantial savings of judicial effort.

13. It is likely that the same witnesses will testify in both actions and it is likely that experts in both actions will also overlap.

14. Failing to consolidate these actions may force the parties to engage in substantial duplication of labor, which will also result in duplication of effort and resources by the Court.

15. Failing to consolidate these actions may also result in differing results between the two cases, which involve many overlapping issues, and will violate California's "one action rule" for wrongful death claims. <u>Ruttenberg v. Ruttenberg</u> (1997) 53 Cal.App.4th 801, 807 (the so called "one action rule" generally requires that all claimants join or be joined in a single action).

///

///

///

///

STIPULATION AND ORDER CONTINUING TRIAL AND
OTHER DATES PENDING RELEVANT MOTION IN
RELATED FEDERAL ACTION – 06-00549 MCE DAD

3

16. As such, good cause has been demonstrated by the parties to allow for a brief continuance of the trial of this <u>Bauer</u> matter, pending the outcome of Plaintiff Washington's motion for leave to file a First Amended Complaint. Should the Plaintiff Washington's motion be granted, this would allow the parties in this <u>Bauer</u> case to take such action as is necessary, in conjunction with the parties in the <u>Washington</u> case, to consolidate these two practically identical actions pertaining to the same facts and circumstances.

17. In that vein, per the good cause demonstrated by the parties above, the parties propose the following new dates for such an order from the Court:

**Proposed New Scheduling Order Dates**

| Description | Proposed New Deadline |
| --- | --- |
| Deadline to complete expert discovery | November 16, 2007 |
| Joint Final Pretrial Statement | November 19, 2007 |
| Final Pre-trial Conference | December 7, 2007 at 9:00 a.m. |
| Trial Date | January 14, 2008 at 9:00 a.m. |

Respectfully submitted,

Dated: _____, 2007    LAW OFFICES OF JOHN L. BURRIS

By: /s/ Nisenbaum, Ben
John L. Burris, Esq./Ben Nisenbaum, Esq.,
Attorneys for Plaintiffs

Dated: _____, 2007    MCNAMARA, DODGE, NEY, BEATTY, SLATTERY, PFALZER, BORGES & BROTHERS LLP

By: /s/ Fitzgerald, James V. III
James V. Fitzgerald, III / Noah G. Blechman
Attorneys for Defendant
CITY OF VALLEJO, ROBERT NICHELINI and JEREMY PATZER

**ORDER**

**PURSUANT TO THE FOREGOING STIPULATION, IT IS ORDERED THAT THE DATES CURRENTLY SET IN THIS MATTER ARE CONTINUED PER THE PROPOSED NEW SCHEDULING ORDER DATES LISTED ABOVE, AT THE SAME TIMES AS PREVIOUSLY ORDERED.  ALL DEADLINES PER LOCAL RULE AND THE COURT'S SCHEDULING ORDERS SHOULD COMPLY WITH THESE NEW DATES.**

Dated: August 9, 2007

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE