1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                         EASTERN DISTRICT OF CALIFORNIA

10

11   ANDREW WASHINGTON, JR., A MINOR, )   Case No. 2:05-CV-00881 JAM-DAD
     INDIVIDUALLY IN HIS PERSONAL      )
12   CAPACITY AND AS SUCCESSOR IN      )
     INTEREST OF DECEDENT ANDREW       )   **RELATED CASE ORDER**
13   WASHINGTON, SR., BY AND THROUGH   )
     HIS GUARDIAN AD LITEM, ALEJANDRA  )
14   RAYA,                             )
                                       )
15              Plaintiffs,            )
                                       )
16        v.                           )
                                       )
17   TASER INTERNATIONAL, INC.; et     )
     al.,                              )
18                                     )
                Defendants.            )
19   LORI BAUER, INDIVIDUALLY, AND AS  )
     PERSONAL REPRESENTATIVE OF THE    )
20   ESTATE OF ANDREW WASHINGTON,      )   Case No. 2:06-CV-00549 MCE-DAD
                                       )
21              Plaintiff,             )
                                       )
22        v.                           )
                                       )
23   CITY OF VALLEJO, A MUNICIPAL      )
     CORPORATION, et al.,              )
24                                     )
                Defendants.            )
25

26        In light of the Stipulation to Dismiss With Prejudice the

27   Entire Action As to Defendant Taser International, Inc. (Case No.

28   2:05-CV-00881, Doc. # 86), examination of the above-entitled

                                        1

1  actions reveals that these actions are related within the meaning

2  of Local Rule 123 (E.D. Cal. 2005).  Accordingly, the assignment of

3  the matters to the same judge and magistrate judge is likely to

4  affect a substantial savings of judicial effort and is also likely

5  to be convenient for the parties.

6      The parties should be aware that relating the cases under

7  Local Rule 123 merely has the result that these actions are

8  assigned to the same judge and magistrate judge; no consolidation

9  of the actions is effected.  Under the regular practice of this

10 court, related cases are generally assigned to the judge and

11 magistrate judge to whom the first filed action was assigned.

12     IT IS THEREFORE ORDERED that the action denominated 2:06-CV-

13 00549 MCE-DAD be reassigned to Judge John A. Mendez and Magistrate

14 Judge Dale A. Drozd for all further proceedings, and any dates

15 currently set in this reassigned case only are hereby VACATED.

16 Henceforth, the caption on documents filed in the reassigned cases

17 shall be shown as 2:06-CV-00549-JAM-DAD. Defendants' request that

18 the Court sua sponte consolidate these actions (Doc. # 81) is

19 DENIED, but the parties may stipulate to consolidation.

20     IT IS FURTHER ORDERED that the Clerk of the Court make

21 appropriate adjustment in the assignment of civil cases to

22 compensate for this reassignment.

23     IT IS SO ORDERED.

24 Dated:  March 21, 2013

25                              /s/ John A. Mendez_____
                                JOHN A. MENDEZ
26                              United States District Court Judge

27

28